UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| KEENYN HICKMAN, | Case No. 15-CV-2579 (JNE/JJK) |
| Petitioner, | |
| v. | REPORT AND RECOMMENDATION |
| DENISE WILSON, Warden; and UNITED STATES OF AMERICA, | |
| Respondents. | |

---

Petitioner Keenyn Hickman, a prisoner at the Federal Correctional Institution in Sandstone, Minnesota, has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241. In his habeas petition, Hickman challenges the validity of a federal conviction and sentence incurred in Iowa. This Court, however, lacks jurisdiction to consider Hickman's habeas petition, as his challenge can only be brought in a motion under 28 U.S.C. § 2255 in the district of conviction. Accordingly, this Court recommends that Hickman's habeas petition be summarily dismissed without prejudice pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.[1]

I.  BACKGROUND

On September 14, 2010, the government filed an indictment in the United States District Court for the Southern District of Iowa charging Hickman and two other individuals with

---

[1] Rule 4 provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Although Hickman seeks relief under § 2241, the Rules Governing Section 2254 Cases nevertheless apply here. *See* Rule 1(b).

conspiracy to distribute at least five kilograms of a mixture or substance containing cocaine in violation of 21 U.S.C. § 841(b)(1)(A). *See United States v. Hickman*, No. 3:10-CR-00070-JAJ-TJS-2 (S.D. Iowa complaint filed Sept. 2, 2010). Hickman pleaded guilty to the offense, and on November 3, 2011, he was sentenced to a 120-month term of imprisonment     the mandatory minimum sentence for his offense. Hickman did not seek a direct appeal of his conviction or sentence.

On October 12, 2012, Hickman filed a motion under § 2255 in the Southern District of Iowa. *See Hickman v. United States*, No. 4:12-CV-00474-JAJ (S.D. Iowa filed Oct. 12, 2012). In his motion, Hickman alleged that his counsel provided ineffective assistance by failing to pursue safety-valve relief pursuant to § 5C1.2(a) of the United States Sentencing Guidelines. The trial court determined that Hickman was ineligible for safety-valve relief, and thus concluded that Hickman's counsel could not have provided ineffective assistance in failing to pursue such relief. Hickman's motion was denied, and the trial court declined to issue a certificate of appealability. The Eighth Circuit Court of Appeals likewise declined Hickman's application for a certificate of appealability, and his appeal was dismissed.

Hickman filed a second motion under § 2255 in the Southern District of Iowa on April 11, 2014. *See Hickman v. United States*, 4:14-CV-00151-JAJ (S.D. Iowa filed Apr. 11, 2014). In that motion, Hickman purported to raise six grounds for relief, although some of those grounds are duplicative in certain respects:

- In Ground One, Hickman alleged that he "did not conspire with his co-defendants whom he was indicted with causing the government's indictment to be defective . . . ."

- In Ground Two, Hickman alleged that "new evidence shows that petitioner's drug amount was less than 5 kilograms."

- In Ground Three, Hickman alleged that he "was indicted through a defective indictment" (this appears, for all intents and purposes, to be a restatement of Ground One).

- In Ground Four, Hickman alleged that "the government breached its agreement for substantial assistance . . . ."

- In Ground Five, Hickman alleged that he "was removed from the conspiracy" (again repeating Ground One), and that he was eligible for safety-valve relief.

- And in Ground Six, Hickman alleged that his defense counsel was ineffective by failing to file a notice of appeal following sentencing.

*Id.*, ECF No. 1 at 3 (emphases omitted). The sentencing court found that Hickman's motion was barred by the one-year statute of limitations under § 2255(f); that several of Hickman's claims were foreclosed by appeal and § 2255 waivers in the plea agreement; and that five of the grounds were procedurally defaulted due to Hickman's failure to file a direct appeal. *Id.*, ECF No. 2. Hickman was again denied a certificate of appealability, and the Eighth Circuit again dismissed Hickman's appeal without discussion of the merits.

Hickman now seeks a writ of habeas corpus from this Court. In his habeas petition, Hickman substantively repeats the six grounds for relief alleged in his second motion under § 2255. *See* Petition at 4 [ECF No. 1]. As explained below, because none of the claims raised by Hickman may be brought by a federal defendant in a habeas petition, this Court recommends that Hickman's petition be denied and that this action be dismissed without prejudice.

II. ANALYSIS

"A federal inmate generally must challenge a conviction or sentence through a § 2255 motion." *Lopez-Lopez v. Sanders*, 590 F.3d 905, 907 (8th Cir. 2010) (citation omitted).

Therefore, "[i]t is well settled a collateral challenge to a federal conviction or sentence must generally be raised in a motion to vacate filed in the sentencing court under § 2255 . . . and not in a habeas petition filed in the court of incarceration . . . under § 2241." *Hill v. Morrison*, 349 F.3d 1089, 1091 (8th Cir. 2003). Federal district courts lack jurisdiction to hear a federal prisoner's collateral challenge to his original conviction or sentence brought in a habeas petition unless the prisoner demonstrates that the remedy provided by § 2255 is inadequate or ineffective to test the legality of his detention. *See* 28 U.S.C. § 2255(e) ("An application for a writ of habeas corpus [on] behalf of a [federal] prisoner . . . shall not be entertained . . . unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention."); *DeSimone v. Lacy*, 805 F.2d 321, 323 (8th Cir. 1986) (per curiam). The "inadequate or ineffective remedy" exception is sometimes called the "savings clause," *see Abdullah v. Hedrick*, 392 F.3d 957, 959 (8th Cir. 2004), because, when it applies, it can "save" a habeas petition from being dismissed under the § 2255(e) exclusive-remedy rule.

By all appearances, Hickman is simply attempting to rehash claims already rejected by the sentencing court when earlier brought under § 2255. But Hickman has not suggested why § 2255 was an inadequate or ineffective procedural vehicle for him to raise his claims. Indeed, Hickman was afforded an opportunity (two opportunities, in fact) to raise his claims under § 2255. Although his motions under § 2255 were denied, that provision "is not inadequate or ineffective merely because the claim was previously raised in a § 2255 motion and denied . . . ."

*Abdullah*, 392 F.3d at 959.  Nor does the presence of a procedural barrier preventing relief under § 2255, such as a statute of limitations, render § 2255 inadequate or ineffective.[2]  *Id*.

The savings clause affords only a very narrow window for relief to petitioners hoping to challenge the validity of a conviction incurred in federal court.  The Supreme Court has not adopted a specific test for when a prisoner may invoke the savings clause, but several circuit courts have established such tests.  Those tests almost always require that, where a petitioner seeks to invoke the savings clause, the petitioner must show (among other things) that he seeks to apply (1) a new rule of law that (2) has been found to apply retroactively.  *See, e.g.*, *Bryant v. Warden, FCC Coleman-Medium*, 738 F.3d 1253, 1274 (11th Cir. 2013) (requiring that the petitioner establish that "the new rule . . . applies retroactively on collateral review . . . ."); *Reyes-Requena v. United States*, 243 F.3d 893, 903 (5th Cir. 2001) ("The standards that these courts have articulated for the savings clause may not be framed in identical terms, but the following basic features are evident in most formulations: actual innocence and retroactivity."); *In re Davenport*, 147 F.3d 605, 611 (7th Cir. 1998) (noting the "obvious" qualification that "the change of law has to have been made retroactive by the Supreme Court" for the savings clause to apply).  Hickman cites no such new rule of law in his habeas petition.  Every one of Hickman's

---

[2]If a petitioner failed to raise a claim in a prior § 2255 motion, he may not then present his claim under § 2241 in order to circumvent the limitations on second or successive § 2255 petitions.  *See United States v. Lambros*, 404 F.3d 1034, 1036 (8th Cir. 2005) ("It is well-established that inmates may not bypass the authorization requirement of 28 U.S.C. § 2244(b)(3) for filing a second or successive § 2254 or § 2255 action by purporting to invoke some other procedure."); *see also United States v. Lurie*, 207 F.3d 1075, 1077 (8th Cir. 2000) ("[I]t can't be right and would nullify the AEDPA limitations if a prisoner, prevented from obtaining relief under § 2255, could simply turn to § 2241 . . . .") (citing *In re Davenport*, 147 F.3d 605, 608 (7th Cir. 1998)).  Or, to put it another way, the restrictions on second or successive § 2255 motions do not, by themselves, render § 2255 inadequate or ineffective.

claims could have been raised either on direct appeal or in an earlier motion under § 2255; indeed, each of his claims *was* raised in a motion brought under § 2255.³  And nothing relevant about the law has changed since Hickman brought his motions under § 2255.

Another usual requirement for invoking the savings clause is a showing of actual innocence.  *See Reyes-Requena*, 243 F.3d at 903.  Although Hickman alleges in his petition that he is "actually innocent" of the drug-conspiracy charge, his argument, at bottom, boils down to a claim that he was not involved in the conspiracy for as *long* as was alleged by the government, and that he was not responsible for as *much* cocaine as alleged by the government.  This is not a true "actual innocence" claim.  *See Bousley v. United States*, 523 U.S. 614, 623 (1998) ("'[A]ctual innocence' means factual innocence, not mere legal insufficiency.").  Moreover, Hickman admitted at the plea hearing to each of the elements of the offense, including the duration of the conspiracy and the quantity of drugs.  *See Hickman*, No. 3:10-CR-00070-JAJ-TJS-2, ECF No. 139 at 22-23.  "Solemn declarations in open court carry a strong presumption of verity" and "constitute a formidable barrier in any subsequent collateral proceedings." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977).  Hickman has thus not made a plausible showing of actual innocence.

---

³This Court recognizes that Hickman waived his right to appeal or file a motion under § 2255 in his plea agreement.  Still, "'[t]he fact that [a habeas petitioner] waived his right to an appeal under § 2255 in a plea agreement does not render § 2255 inadequate or ineffective.'" *Kennedy v. United States*, No. 14-1908 (PAM/JSM), 2014 WL 5286349, at *6 (D. Minn. Oct. 15, 2014) (collecting cases and quoting *Reid v. Williamson*, No. 1:06-CV-2429, 2007 WL 2688722, at *2 (M.D. Pa. Sept. 11, 2007)).  Again, the fact that procedural barriers stood in the way of Hickman fully availing himself of that provision does not render § 2255 inadequate or ineffective.

In sum: The claims raised in Hickman's habeas petition are not properly before this Court, as those claims can only be raised in a motion for relief under § 2255. Accordingly, this Court lacks jurisdiction to consider Hickman's habeas petition. In such circumstances, a district court has discretion either to dismiss the petition or to transfer the petition to the appropriate court. There is little reason to transfer Hickman's habeas petition, as identical claims brought pursuant to § 2255 have already been denied by the Southern District of Iowa, and the appeal from the denial of those claims has already been dismissed by the Eighth Circuit. Accordingly, this Court recommends that Hickman's habeas petition be denied, and that this action be dismissed without prejudice for lack of jurisdiction.

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY RECOMMENDED THAT:

1. Petitioner Keenyn Hickman's petition for a writ of habeas corpus [ECF No. 1] be DENIED.

2. This action be DISMISSED WITHOUT PREJUDICE FOR LACK OF JURISDICTION.

3. Hickman's application to proceed *in forma pauperis* [ECF No. 2] be DENIED AS MOOT.

4. Hickman's request for assistance [ECF No. 3] be DENIED AS MOOT.

Date: June 12, 2015

*s/Jeffrey J. Keyes*
JEFFREY J. KEYES
United States Magistrate Judge

## **NOTICE**

**Filing Objections:**  This Report and Recommendation is not an order or judgment of the District Court and is therefore, not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation.  A party may respond to those objections within 14 days after being served a copy of the objections.  LR 72.2(b)(2).  All objections and responses must comply with the word or line limits set for in LR 72.2(c).

**Under Advisement Date:**  This Report and Recommendation will be considered under advisement 14 days from the date of its filing.  If timely objections are filed, this Report and Recommendation will be considered under advisement from the earlier of: (1) 14 days after the objections are filed; or (2) from the date a timely response is filed.